IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS LOCAL 350,<br><br>    Plaintiff,<br><br>  v.<br><br>RECOLOGY, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-4089 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Defendant's motion to dismiss the complaint is scheduled for a hearing on October 28, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

The complaint alleges that from October 24, 2003 until October 23, 2008, plaintiff Teamsters Local 350 was a party to a collective bargaining agreement ("CBA") with Allied Waste Services of San Mateo County ("Allied Waste"). Compl. ¶¶ 9, 21. The CBA covered employees of Allied Waste who performed waste management and garbage collection obligations of the South Bayside Waste Management Authority ("Authority"). *Id*. Attendant to the expiration of the 2003-2008 agreement, plaintiff and Allied Waste negotiated and then entered into a successor agreement, the term of which was October 24, 2008 through October 23, 2013. *Id*. ¶ 22.

In 2008, plaintiff filed a grievance against Allied Waste alleging that it had violated the CBA by failing to remit contributions to the Western Conference of Teamsters Pension Plan on behalf of

employees who were not working due to on-the-job injuries or industrial disability. *Id*. ¶ 24. The arbitrator held on hearing on August 13, 2008, and on February 13, 2009, the arbitrator issued a written opinion and award sustaining plaintiff's grievance. *Id*. ¶¶ 28-29, Ex. A (arbitrator's opinion and award).

In the meantime, the Authority had put out to bid the collection and recycling operations contracted to Allied Waste. *Id*. ¶¶ 9, 32-35. After a lengthy bid process initiated in November, 2007, the Authority awarded the contract to defendant Recology, effective January 1, 2011. *Id*. ¶ 39. On August 28, 2008, in anticipation of final approval of acceptance of its bid by the Authority, plaintiff and defendant executed a Memorandum of Understanding ("MOU") under which the parties agreed that, should defendant receive final approval of its bid by the Authority, defendant would assume and be bound by the CBA in effect at the time Recology was to assume the Authority's waste management operations, and continuing for the remainder of its term. *Id*. ¶¶ 15-18. The MOU does not reference the then-pending grievance against Allied Waste. Arsenault Decl. Ex. A (MOU).[1] However, the complaint alleges that during the negotiations with defendant over the MOU, plaintiff informed defendant of the pendency of the grievance and the arbitration. *Id*. ¶¶ 38, 41. The complaint also alleges that "Defendant had notice of Arbitrator Davis' February 13, 2009 award." Compl. ¶ 42.

On January 1, 2011, defendant began servicing the contract that had previously been handled by Allied Waste. Compl. ¶ 39. Attendant to the final award of the contract and the assumption of its duties to perform the contract, and in accordance with its obligations under the MOU, effective January 1, 2011, defendant adopted the CBA then in effect between plaintiff and Allied Waste for the duration of its term. *Id*. ¶ 40. On December 26, 2010, the parties executed an agreement that was identical in all respects to the 2008-2013 Allied Waste CBA. *Id*. The complaint alleges that "[b]y assuming and adopting the Collective Bargaining Agreement on December 26, 2010 as contemplated by the August 28, 2008 MOU, Defendant agreed to be bound to the contract as interpreted and applied by arbitral decisions, including Arbitrator Davis' February 13, 2009 decision." *Id*. ¶ 43.

---

[1] The Court may consider the MOU when reviewing the sufficiency of the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant moves to dismiss the complaint for failure to state a claim, contending that there is no basis for confirming and enforcing the arbitration award against defendant. Defendant argues that the arbitration award cannot be enforced against it because Recology was not a named party to the arbitration and was never joined to those proceedings. Defendant also asserts that plaintiff could have added an express assumption of liability in the MOU or insisted that the CBA ultimately signed by

3

Recology contain a provision expressly adopting the arbitration ruling, but that plaintiff did neither. Defendant argues that the complaint's allegation that Recology knew about the arbitration is insufficient. Plaintiff contends that an arbitration award may be enforced against a successor employer if the successor employer assumed the CBA and had notice of the arbitration. Plaintiff focuses not just on the parties' MOU, but also on the fact that Recology assumed the CBA in December 2010, after the arbitration award was issued.

Although defendant asserts a number of persuasive arguments, the Court finds that plaintiff has stated a claim, and that the issues raised by defendant cannot be resolved at the pleadings stage. Plaintiff has alleged that "Defendant, prior to agreeing to be bound by the collective bargaining agreement and prior to adopting such agreement, was on notice and aware of the grievance and arbitration . . . ." Compl. ¶¶ 41-42. All of the cases relied on by both parties were decided at summary judgment on a full factual record, and involved an analysis of, *inter alia*, whether the employer had notice of the arbitration award at the time it assumed the CBA, and whether an employer was a "successor" employer. *See, e.g.*, *Int'l Union United Automobile, Aerospace and Agricultural Implement Workers of America v. Saga Foods*, 407 F. Supp 1247, 1251-52 (N.D. Ill. 1976) (holding employer's expressed assumption of contract between union and employer's predecessor, plus notice of existence of an outstanding arbitration award, would form sufficient basis to impose liability; denying summary judgment because of factual disputes regarding notice); *Dockery v. Coyote Cleaning, Inc.*, No. 05-72542, 2006 WL 2729607, at *4 (E.D. Mich. Sept. 25, 2006) (granting summary judgment where "it is incontested that the arbitration award was handed down after Kimco assumed the collective bargaining agreement and therefore Kimco could not have had any knowledge of the award at the time it entered into the Assumption Agreement").

///

**United States District Court**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the complaint is DENIED. Docket No. 6.

**IT IS SO ORDERED.**

Dated: October 18, 2011

SUSAN ILLSTON
United States District Judge