STEPHEN J. HIRSCHFELD (SBN 118068)
shirschfeld@chklawyers.com
FELICIA R. REID (SBN 155481)
freid@chklawyers.com
KRISTIN L. OLIVEIRA (SBN 204384)
koliveira@chklawyers.com
CURIALE HIRSCHFELD KRAEMER LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
RECOLOGY SAN MATEO COUNTY (erroneously
sued herein as "Recology, Inc.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL 350,<br><br>Plaintiff,<br><br>vs.<br><br>RECOLOGY, INC.,<br><br>Defendant. | Case No. 4:11-cv-04089-YGR<br><br>**DECLARATION OF MARK J. ARSENAULT IN SUPPORT OF RECOLOGY SAN MATEO COUNTY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Judge:** Honorable Yvonne Gonzalez Rogers<br>**Ctrm:** TBA<br><br>**Complaint Filed:** August 19, 2011<br>**Hearing:** May 29, 2012, 2:00 p.m. |

I, Mark J. Arsenault, declare:

1. I am the Vice President and Group Manager for Recology South Bay. I make this declaration of my own personal knowledge in support of Defendant's Motion for Summary Judgment, filed concurrently herewith. If called upon to testify as to the facts contained herein, I would and could testify competently hereto.

///

2. I became the Group Manager for Recology South Bay in July 2009. In this position, I have responsibility for overseeing seven subsidiary companies of Recology, including Recology of the Coast, Recology San Bruno, Recology San Mateo County, Recology South Bay, Recology South Valley, Recology Silicon Valley, and Recology Mountain View. Immediately before I became Group Manager, I was the General Manager for Recology San Jose and Recology Silicon Valley, two subsidiaries of Recology, Inc.

3. In my current position, I directly supervise Mario Puccinelli, the General Manager of Recology San Mateo County (also referred to "RSMC").

4. In 2008, the legal name of Recology was "Norcal Waste Systems of San Mateo County." Norcal Waste Systems changed its name to "Recology" on or about April 27, 2009.

***The Memorandum of Understanding Between Plaintiff Teamsters Local 350 And Recology***

5. Dan Day was a member of Recology's Transition Team who responded on behalf of Recology (then "Norcal Waste Systems of San Mateo County") to a Request for Proposal (RFP) issued by the South Bayside Waste Management Authority. The RFP was seeking bids or proposals to handle a new waste management and collections contract with the twelve member agencies (or municipalities) comprising the SBWMA.

6. As Dan Day passed away suddenly in June 2009, I was responsible for reviewing emails received by Mr. Day at his work email address in order to respond to the Union's discovery requests in this lawsuit.

7. In reviewing those emails, I read an email wherein Larry Daugherty of Plaintiff Teamsters Local 350 ("Local 350" or "Union") emailed a Memorandum of Understanding (MOU) to Dan Day on August 25, 2008. I attach to my Declaration as **Exhibit H** a true and correct copy of this email and the attached MOU. The text that is marked as "redacted" contains communications between Mr. Day and Recology's then-attorney.

///

8.   The MOU attached in **Exhibit H** does not have an explicit provision that Recology would be bound by any arbitrator's decision of a pending grievance, nor does it even reference a grievance pending between Allied Waste and Local 350 regarding the payment of pension contributions.

### *Recology Was Not Involved With The Union's Grievance Against Allied Waste*

9.   Recology was not affiliated in any way with the waste management company called "Allied Waste" (otherwise referred to as "BFI Waste Systems of North America, Inc. dba Allied Waste Services of San Mateo County").

10.  Recology was not named as a party to any grievance filed by Local 350 against Allied Waste Services.

11.  Recology did not participate in any manner at any arbitration hearing for a grievance filed by Local 350 against Allied Waste.

12.  Recology did not receive a copy of the arbitration decision issued in connection with Local 350's grievance against Allied Waste from any individual, including the Union representatives at Local 350, before it signed a Collective Bargaining Agreement with Local 350 on December 26, 2010.

13.  The first time that I saw the arbitration decision issued by Arbitrator Morris Davis on February 19, 2009 with respect to the Union's grievance against Allied Waste was in connection with this lawsuit filed by the Union against Recology.

14.  The filing of the grievance, the fact that grievance was arbitrated, and the arbitrator's decision was first mentioned by Larry Daugherty of Local 350 to me in the beginning of 2009, at least six months after Recology and the Union signed a Memorandum of Understanding (MOU) in August 2008.

///

15. I understood that Recology would not be bound by any award obtained by the Union against Allied Waste since Recology was not joined to the grievance filed by the Union against Allied Waste, was not a party to the Collective Bargaining Agreement between Allied Waste and Local 350, and because the arbitration award against Allied Waste concerned the terms of a Collective Bargaining Agreement between Allied Waste and Local 350.

### *Differences Between Allied Waste's Waste Management Contract and Recology's Current Contract with Member Agencies of SBWMA*

16. The franchise agreements between Allied Waste and the member agencies were "cost plus" contracts. Under a cost plus contract, Allied Waste could pass through any actual operating expenses to the SBWMA for payment.

17. In contrast, Recology is required to have a "fixed" contract with the member agencies, as mandated by the SBWMA's RFP. Accordingly, Recology's franchise agreements with the twelve member agencies does not expressly allow it to pass through any additional pension payments for employees on workers' compensation leave, as this expense is not expressly stated in Recology's CBA with the Union.

18. The increase in pension contribution expenses associated with the award obtained by the Union against Allied Waste would have been crucial for Recology to consider in responding to the RFP. This is because Recology would have been able to account for any expenses in producing its bid for the waste management contract. Unlike Allied Waste's cost-plus contract that allowed it to pass through operational expenses to the SBWMA, Recology's fixed contract does not have this allowance.

### *Consequences To Recology If It Must Comply With February 2009 Arbitration Award Issued Against Allied Waste*

19. Recology began performing the waste collection contract operations on January 1, 2011.

///

4
DEC. OF M. ARSENAULT ISO DEF.'S MT FOR SUMMARY JUDGMENT
CASE NO. 3:11-CV-04089-YGR

20. When a covered Union member has ceased working because he is on workers' compensation leave as a result of an industrial injury, this leads to a shortfall in coverage for a particular route. If the leave is for an extended period of time, Recology will hire another employee to take his place.

21. If Recology must comply with the Union's arbitration award issued against Allied Waste in February 2009, Recology would have to pay pension contributions on behalf of two covered employees: the one who is on workers' compensation leave and the individual who is filling the injured worker's position until he returns. These costs are significant. A conservative estimate for these *additional* pension contributions over the term of the franchise agreement with the 12 member agencies of the SBWMA is $400,000.

22. Recology submits a rate compensation application to the SBWMA on an annual basis. These applications cannot include additional benefits not based on wage earnings or hours not worked, such as pension contributions for employees on workers' compensation leave who are not being paid wages under the CBA, because such benefits were not a part of Recology's accepted bid submitted to the SBWMA.

23. Recology does not provide pension contributions at any of its other subsidiaries in the Bay Area under collective bargaining agreements with Local 350 despite that these other CBAs containing the same language as the current CBA between Recology and Local 350. The Union has not filed grievances over the issue of pension contributions for any of the other Collective Bargaining Agreements between Local 350 and the other Recology subsidiaries.

24. On December 26, 2010, Recology of San Mateo County entered into a Collective Bargaining Agreement with Local 350 for the period of January 1, 2011 – October 23, 2013. The Union did not seek to negotiate or suggest changes to the CBA on the issue of pension contributions to coincide with the arbitration award against Allied Waste.

25. Recology of San Mateo County began operations under the franchise agreements with the member agencies of SBWMA on January 1, 2011.

///

1  I declare under penalty of perjury under the laws of the State of California and the United
2  States that the foregoing is true and correct.
3  Executed in Gilroy, California on this 4th day of April, 2012.

_____
Mark J. Arsenault
Recology

# EXHIBIT H

**REDACTED**

From: Larry Daugherty [mailto:local350@sbcglobal.net]
Sent: Monday, August 25, 2008 11:02 AM
To: Dan Day
Subject: MOU San Mateo County

Hello Dan:

I have attached the MOU, please sign and return to 350 as soon as possible. If you have any questions feel free to call.

Respectfully yours,

Larry Daugherty

Teamsters Local 350

Business Representative

650-757-7290 PH

650-757-7294 Fax

Wage Rates and Classification sheet is attached.

**REDACTED**

3

**ATTORNEY-CLIENT PRIVILEGED**



4

ATTORNEY-CLIENT PRIVILEGED

D000067



**From:** Larry Daugherty [mailto:local350@sbcglobal.net]
**Sent:** Monday, August 25, 2008 11:02 AM
**To:** Dan Day
**Subject:** MOU San Mateo County

Hello Dan:

I have attached the MOU, please sign and return to 350 as soon as possible. If you have any questions feel free to call.

Respectfully yours,

Larry Daugherty

5

**ATTORNEY-CLIENT PRIVILEGED**

D000068

Teamsters Local 350

Business Representative

650-757-7290 PH

650-757-7294 Fax



6

ATTORNEY-CLIENT PRIVILEGED

D000069

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On April 6, 2012, I served the following document by the method indicated below:

**DECLARATION OF MARK J. ARSENAULT IN SUPPORT OF RECOLOGY SAN MATEO COUNTY'S MOTION FOR SUMMARY JUDGMENT**

On the following parties:

<u>*Attorneys for Plaintiff, Teamsters Local 350*</u>:

Susan Garea, Esq.
Beeson, Tayer & Bodine, APC
Ross House, 2nd Floor
483 Ninth Street
Oakland, CA 94607
Telephone: (510) 625-9700
Facsimile: (510) 625-8275
Email: tpaterson@beesontayer.com

In the following manner:

[X] Submitting an electronic version of the document(s) via portable document format (PDF) to the court via the Document Filing/ECF System at https://ecf.caed.uscourts.gov.

Service will be deemed effective as provided in Local Rule 135 of the District Court of California, Northern District.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed April 6, 2012, at San Francisco, California.

*Jennifer Mobarez*

CERTIFICATE OF SERVICE
CASE NO.: 4:11-CV-04089 YGR

1